# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLANIYAN MTUNDU ADEFUMI,<br>    **Plaintiff,** | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 19-CV-1165 |
| | : |
| REBECCA PROSPER,<br>    **Defendant.** | :<br>: |

## MEMORANDUM

**RUFE, J.**                                                                                  MARCH 22nd, 2019

Plaintiff Olaniyan Adefumi brings this civil action against Rebecca Prosper based on allegations that Prosper's actions in a prior lawsuit violated his rights and caused him harm. This is the second time Adefumi has brought a lawsuit against Prosper on the same grounds. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Adefumi leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

## I.   FACTS[1]

In March of 2015, Adefumi filed a civil action against Dr. Sharon Lim in which he alleged that the doctor touched him inappropriately while he was seeking treatment in a health clinic run by the City of Philadelphia. *Adefumi v. Lim*, Civ. A. No. 15-1101 (E.D. Pa.). Prosper, an attorney at the City Law Department, was one of the attorneys representing Dr. Lim.

As discovery was proceeding, Adefumi indicated in Motions that he filed with the court that Prosper

> violated the law <u>when</u> she created an investigation that she claimed . . . that [he] delivered [a] court notice to Dr. Lim. This is not true and both Dr. Lim and myself state that [he] did not deliver a court notice to Dr. Lim.

---

[1] The following facts are taken from the Complaint and public dockets.

1

*Id.* (ECF No. 56); *see also id.* (ECF No. 57). In orders dated April 17, 2018, the Honorable J. William Ditter Jr., who was assigned to the case, informed Adefumi that if he sought to make a claim against Prosper, he would be required to do so "by a separate action." *Id.* (ECF Nos. 58 & 59).

In a Memorandum and Order dated July 23, 2018, Judge Ditter granted Dr. Lim's motion for summary judgment on Adefumi's claims. *Id.* (ECF Nos.70-72). On October 19, 2018, Adefumi filed a notice of appeal. *Id.* (ECF No. 73). The appeal was listed for a possible jurisdictional defect and was recently dismissed for failure to prosecute. In the meantime, Adefumi's case was reassigned to the undersigned. Adefumi filed a Motion "inform[ing] [the] court of [Prosper's] bad practices" because Prosper claimed he "delivered the court notice to Dr. Lim [but] to do that is illegal." *Id.* (ECF No. 77). In a November 30, 2018 Order, the Court dismissed the motion and explained to Adefumi that if he sought to raise a claim against Prosper, he "must file a separate action in the appropriate jurisdiction." *Id.* (ECF No. 78).

On December 11, 2018, Adefumi filed his first civil action against Prosper based on her conduct as opposing counsel in the prior litigation. *See Adefumi v. Prosper*, Civ. A. No. 18-5341. Adefumi alleged that Prosper

> Violated Amendments 6 and 7. She did not report her witnesses by the due[] date of November 01, 2017, and she did not report the known truth to the court but wrote about my previous criminal behavior. I have had no criminal record/s.

(Civ. A. No. 18-5341 Compl. at 4.)[2] As in the Motions he filed in his prior case, Adefumi mentioned that Prosper falsely claimed that he delivered a court notice to Dr. Lim. Adefumi also

---

[2] The Court adopts the pagination assigned to Adefumi's pleadings by the CM-ECF docketing system.

2

claimed that the legal team was "full of lies" and noted that "taxed dollars are being used to hurt tax payers." (*Id.* at 6.)

In a Memorandum and Order docketed on December 17, 2018, the Court granted Adefumi leave to proceed *in forma pauperis* and dismissed his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court explained that Adefumi had not stated a plausible basis for a constitutional violation to state a claim under 42 U.S.C. § 1983. The Court also informed Adefumi that it lacked the ability to bring criminal charges against Prosper if that was what he was trying to accomplish. Finally, the Court observed that it did not appear Adefumi sought to raise claims under state law but, if he did, there was no apparent basis for jurisdiction over any such claims.

On February 19, 2019, Adefumi moved to reopen Civil Action Number 18-5341. In an Order docketed on February 22, 2019, the Court construed the motion as having been filed pursuant to Federal Rule of Civil Procedure 60(b) and denied it because it failed to articulate a basis for relief. The Court explained to Adefumi that if he believed the Court erred in resolving his case, his remedy was to file an appeal. Adefumi represented that he had filed a notice of appeal on February 15, 2019, but the Court did not receive any such notice.

On March 19, 2019, Adefumi filed the instant civil action against Prosper based on her conduct as Dr. Lim's attorney in Civil Action Number 15-1101. Adefumi indicates that Judge Ditter had directed him not to deliver any court notices to Dr. Lim, and that Prosper erroneously accused him of violating that instruction. (Compl. at 6.) Adefumi alleges that Prosper learned he did not violate the Court's instruction, yet failed to report as much to Judge Ditter. Adefumi also alleges that he was injured by Prosper's "insult and [by] seeing an untrue statement go by

3

the Court," and notes that he "did not pay taxes for that to happen." (*Id.* at 7.) Adefumi asks the Court for a jury trial and for $6,000 in damages.

## II. STANDARD OF REVIEW

The Court grants Adefumi leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action. As Adefumi is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) requires the Court to dismiss the Complaint if, among other things, it malicious or fails to state a claim.

"A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). Additionally, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

To survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and naked assertions do not suffice. *Id.* As Adefumi is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

4

## III. DISCUSSION

Adefumi's claims in the instant case are entirely duplicative of his claims in Civil Action Number 18-5341. If Adefumi disagreed with the Court's resolution of his prior case, his remedy was to file a timely notice of appeal, rather than a duplicative lawsuit. Accordingly, the Court will dismiss his Complaint because it repeats litigation that the Court has already resolved.

Adefumi's Complaint also fails to state a claim against Prosper. Adefumi indicates in his Complaint that he seeks to raise federal claims against Prosper. However, nothing in the Complaint supports a plausible basis for a claim against Prosper under 42 U.S.C. § 1983 or any other federal statute.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Adefumi leave to proceed *in forma pauperis*, and dismiss Adefumi's Complaint as duplicative, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Adefumi will not be given leave to amend because amendment would be futile. An appropriate Order follows.

BY THE COURT:

CYNTHIA M. RUFE, J.